# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**BERNIE BANUELOS,**

    Movant/Defendant,

vs.                                                                         **CIVIL NO.  05-1322 WJ/DJS**
                                                                                           Criminal No.  02-0084 WJ

**UNITED STATES OF AMERICA,**

    Respondent/Plaintiff.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

1.  This a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated as a result of his conviction following a jury trial for distribution of heroin, possession with intent to distribute a substance containing cocaine base, and conspiracy to posses with intent to distribute a substance containing cocaine base, all in violation of 21 U.S.C. §§841 and 846. Following his conviction, Movant was sentenced to two hundred and forty months imprisonment for the heroin charge and three hundred and twenty four months imprisonment for each of the other charges, the sentences to be run concurrent for a total period of

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

incarceration of three hundred and twenty four months . Movant's appeal of his conviction was denied. United States v. Bernie Banuelos, 117 Fed.Appx 692 (10th Cir. December 13, 2004)(unpublished disposition).

2. By the instant motion Movant asserts that he was afforded ineffective assistance of counsel because his attorney failed to argue that he was entitled to be re-sentenced under the Apprendi decision and because his attorney failed to demonstrate that the evidence did not support the court's finding that he was responsible for 67.9 net grams of crack cocaine. In addition, Movant contends that his constitutional rights under the Presentment and Due Process Clause of the Fifth Amendment as well as his right to a jury trial under the Sixth Amendment were violated in light of the Supreme Court's Blakely decision.[2]

3. Movant's ineffective of assistance of counsel claims must be evaluated in the light of the standard announced in Strickland v. Washington, 466 U.S. 668 (1984). This standard requires him to show that his counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, Strickland, 466 U.S. at 687-688, 694. A claim of ineffective counsel "may be resolved on either performance or prejudice grounds alone." United States v. Kennedy, 225 F.3d 1187, 1197 (10th Cir. 2000) (citations omitted). There is a strong presumption that counsel provided effective assistance, and a §2255 movant has the burden of proof to overcome that presumption. Id.

4. Movant's first basis for claiming ineffective assistance of counsel is that his attorney failed to argue that he was entitled to resentencing pursuant to Apprendi, in that the indictment and the jury verdict failed to specify the upper range of the drug quantity involved. However, the indictment in

---

[2] Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004).

this case specifically charged with distribution of 5 grams and more of a substance containing cocaine base. United States v. Banuelos, 02-Cr-84 WJ, Docket No. 12. That amount, 5 grams and more, was found by the jury. Id., Docket No. 100. Under 21 U.S.C. §841(b)(1)(B) he could have been sentenced to forty years' imprisonment an amount greater than the actual sentence received by Movant. For that reason, Movant's sentence did not run afoul of Apprendi's requirement that the jury find the amount of drugs involved. To the extent that Movant argues that his attorney was ineffective for failing to argue the extension of Apprendi in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005), those decisions do not apply retroactively to final criminal judgments. See United States v. Bellamy, 411 F.3d 1182, 1184 (10th Cir.2005) (holding that Booker is not to be applied retroactively); United States v. Price, 400 F.3d 844, 849 (10th Cir.2005) (holding that Blakely is not retroactive); United States v. Mora, 293 F.3d 1213, 1219 (10th Cir.2002) (holding that Apprendi is not retroactive). In addition, Movant's counsel was not ineffective for failure to predict the future outcome of Blakely v. Washington, 542 U.S. 296 (2004). See United States v. Harms, 371 F.3d 1208, 1212 (10th Cir.2004) ("The Sixth Amendment does not require counsel for a criminal defendant to be clairvoyant.").

     5. Movant's next assertion is that his attorney was ineffective for failing to demonstrate that he was not responsible for 67.9 net grams of crack cocaine. More specifically, Movant contends that his attorney should have challenged the testimony of his girlfriend and co-defendant, Crystal Ortiz, regarding the quantity of drugs he handled and sold and that his attorney should have challenged the district judge's reliance on that testimony at sentencing. Movant further contends that his attorney should have objected to the pre-sentence report. Review of the sentencing transcript reveals that Movant's attorney filed objections to the pre-sentence report, then withdrew the objection regarding the quantity of drugs in his motion for downward departure, only to re-assert the objection at

Movant's request at the hearing. United States v. Banuelos, 02-Cr-84 WJ, Transcript of March 10, 2003 Sentencing Hearing, p. 3. Discussion at the hearing reveals that the Court found that Movant was responsible for more than fifty grams of crack cocaine and that the amount over fifty grams was immaterial to the severity of his sentence. Id. p. 9. Further, Movant fails to explain how his attorney could have further challenged the testimony of Crystal Ortiz. In his motion to set aside the sentence, Movant asserts that Ortiz was a drug addict and a prostitute who was testifying in order to avoid a more lengthy prison sentence. Movant's attorney did bring up Ortiz' role in arguing against the sentencing enhancement Movant received for being a leader or organizer. Id. p. 13. Further, Movant's attorney attacked Ortiz' testimony at trial and reiterated that attack during his closing argument. Transcript of Jury Trial held October 30, 2002, Cross-Examination of Crystal Ortiz, p. 147-148, Closing Argument of Lawrence Chacon, p. 7. Movant has failed to show that his attorney's conduct in challenging the quantity of drugs used to calculate Movant's sentence fell below an objective standard of reasonableness.[3]

    6. Movant contends that his constitutional rights under the Presentment and Due Process Clause of the Fifth Amendment as well as his right to a jury trial under the Sixth Amendment were violated in light of Blakely v. Washington, 542 U.S. 296 (2004). Movant argues that the indictment upon which he was convicted failed to include essential elements of the charges against him, including the drug quantity and his role in the offense. Movant further argues that the enhancements to his sentence were unconstitutional under the holdings of Apprendi and Blakely. In response, the

---

[3] The Court notes that Movant filed a motion to retroactively apply the revised Sentencing Guidelines to his case pursuant to 18 U.S.C. §3582(c)(2). United States v. Banuelos, 02-Cr-84 WJ, Docket No. 149, 160. In its Response to the Motion (Docket No. 158), the United States notes that the new guidelines that apply to crack cocaine are retroactive and requests that should the District Judge exercise his discretion to reduce Movant's sentence, he do so to a sentence of no less than 262 months.

United States argues that these claims are procedurally barred because they were not raised on direct appeal.

7. A Movant's failure to raise an issue on direct appeal generally will bar his collateral attack under §2255 unless he can demonstrate cause excusing the procedural default and actual prejudice resulting from the errors complained of, or that a fundamental miscarriage of justice will occur if the claim is not addressed. See United States v. Warner, 23 F.3d 287, 291 (10th Cir.1994). Movant responds that Blakely was decided before his direct appeal became final and so he should not be held to be procedurally barred from presenting this claim. Even if the procedural bar does not prevent consideration of Movant's argument, he is not entitled to relief. As the Court has noted under ¶4, *supra*, neither Apprendi nor Blakely are applicable on collateral review. See United States v. Garcia, 176 F.Appx. 939, 941 (10th Cir. 2006) (Holding §2255 proceeding procedurally barred but noting that United States v. Booker does not apply retroactively in any case).

**RECOMMENDED DISPOSITION:**

That the §2255 motion be dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**